# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **TONYA M. CATRON,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:08CV00043 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | By: James P. Jones |
| **COMMISSIONER** ) | Chief United States District Judge |
| **OF SOCIAL SECURITY,** ) | |
| ) | |
| Defendant. ) | |

*P. Heith Reynolds, Wolfe, Williams, Rutherford & Reynolds, Norton, Virginia, for Plaintiff; Andrew C. Lynch, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I accept the report and recommendation of the magistrate judge and remand the case for payment of benefits.

In this case, Tonya M. Catron challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for supplemental security income benefits under certain provisions of the Social Security Act ("Act"). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C.A. § 636(b)(1)(B) (West 2006); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her report on May 20, 2009, recommending that the Commissioner's decision be vacated and the case

remanded for an award of benefits. On June 3, 2009, the Commissioner filed written objections to the report. The objections have been briefed and are ripe for decision.

I must make a de novo determination of those portions of the report to which the Commissioner objects. *See* 28 U.S.C.A. § 636(b)(1)(C) (West 2006); Fed. R. Civ. P. 72(b)(3). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.*

The issue in the case is whether the Commissioner erred in determining that the plaintiff did not meet the requirements of the listed impairment related to mental retardation. If a claimant meets or equals a listed impairment under the Social Security regulations, it is conclusively presumed that the claimant is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987).

The mental retardation listed impairment provides in pertinent part as follows:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05C (2009) ("12.05C").

The evidence before the Commissioner showed that the plaintiff suffered from mild mental retardation and, according to a test administered when she was 41 years old, had a verbal IQ of 67 and a full scale IQ of 68. The Commissioner does not dispute that the plaintiff had an additional and significant work-related limitation of function. Nevertheless, the Commissioner objects to the recommendation of the magistrate judge on two grounds: (1) that the plaintiff did not prove that she had significant deficits in adaptive functioning that were manifested prior to age 22, as required by the introductory paragraph to § 12.05C; and (2) that her IQ scores were not reliable.

The Commissioner is correct that post-age 22 low IQ scores alone do not prove the manifestation of significant deficits in adaptive functioning, although they can

- 3 -

support such a finding. *Justice v. Barnhart*, 431 F. Supp. 2d 617, 620 (W.D. Va. 2006). However, there is additional evidence in this record of such manifestation. For example, the plaintiff went only to the ninth grade, was in special education classes in all subjects and then "could not handle school and quit" (R. at 145, 253); cannot read and only write "a little" (R. at 253); and has no work experience outside of the home (R. at 260).

As to the alternative argument by the Commissioner, there was insufficient evidence that the plaintiff's IQ scores were unreliable. The psychological examiner stated in her report in relation to all of the plaintiff's test scores, including verbal and full scale IQ, that "[Plaintiff's] effort at times seemed quite marginal and suggested her potential maybe [sic] slightly higher." (R. at 149.) How much higher, if any, the verbal and full scale scores might have been is not indicated, nor is there any other indication that the results of the testing were invalid.

For these reasons, I will overrule the objections by the Commissioner and accept the magistrate judge's recommendation.

An appropriate final judgment will be entered.

DATED: August 1, 2009

/s/ JAMES P. JONES
Chief United States District Judge